VILLAR & Co., INC., Plaintiff-Appellant, *v.* CARLOS CONDE-CASARIEGO, Defendant-Appellant.

No. 3901. Decided on reconsideration April 18, 1928.

J. *Texidor* and R. *Cuevas Zequeira* for the plaintiff. F. *Soto Gras* for the defendant.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the District Court of San Juan, after considering all the evidence, decided that Carlos Conde Casariego was entitled by reason of his discharge from employment to the sum of $17,500. This conclusion we affirmed and now a reconsideration is asked on two grounds.

The first is that in Porto Rico a dismissed employee is, under various provisions of law, only entitled to damages. Whether the action is one for breach of contract or one for a tortious act, a complainant is entitled to compensating damages. The measure of damages in case of dismissal is *prima facie* the earnings that the dismissed employee would have received. We discussed this question in our main opinion, citing authorities from this court and elsewhere.

The other ground for reconsideration is that the record shows that on cross-examination Conde admitted that he was the agent of another company, if not several of them.

In the court below the question now presented was not raised at all. There was never any attempt to bring out that Villar & Co. was entitled by way of abatement to the earnings or profits made by Conde subsequent to his dismissal. The facts brought out on cross-examination were casual and not upon any theory of abatement or mitigation of damages. The whole object and theory of Villar & Co. at the trial was to show that Conde was entitled to no damages at all; that Villar & Co. had abundant cause in dismissing him. The case was carefully tried and Villar & Co. staked all this part of their case on the numerous supposed defaults of Conde which, according to the company, justified his dismissal. This joinder in issue and trial court theory would be reason enough not to change the conclusion reached by the trial court, even though it be conceded that when an employee admits other occupations the burden is upon him to show that he was receiving less than otherwise would have been his fortune.

When it comes to a transfer of the case to this court, there are additional reasons why Villar & Co. are not entitled to a variation in our judgment of affirmance. The assignment of errors carefully searched fails to show that the matter now complained of was drawn to the attention of this court. At the hearing, it is true, Villar & Co. by a divided court obtained permission to discuss in a new brief the matter

of damages. The new brief was filed, but contained only a summary allusion to the mitigation of damages now clearly sought for the first time. The brief filed did not in terms suggest an abatement, nor was there any offer to file an additional assignment of error or to amend the assignment of errors already filed.

The general rule in an appellate court is to refuse to consider errors not assigned. *Martínez* v. *García*, 18 P.R.R. 2; 3 C. J. 1329 *et seq.;* 3 C. J. 1347 *et seq.;* 3 C. J. 1412. Our Rules express the principle in this wise:

"42.—Within ten days after the transcript of record has been filed in this Court, the attorney for the appellant shall file in Court a written or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based, and he shall in addition thereto comply with the law of procedure now in force.

"43.—The said appellant shall set out each error complained of, as committed in the court below, separately; and errors not assigned, unless fundamental, may be disregarded by the Court in the decision of the case."

Even if the error now alleged should be considered fundamental, or even if it had been duly pressed in the court below, a motion for reconsideration is too late a moment clearly to present a question of this nature. The appellee came into court with his counsel prepared to meet all the questions duly raised. The parties had their hearing before this court. *Interest rei publicae ut sit finis litium.*

This court also must be borne in mind. The litigation pressing upon it is simply enormous. Our practice has been to hear cases promptly after they are filed in this court and ready for disposal. Our printed reports show the large number of cases disposed of every year. Nevertheless the practice of hearing cases promptly has resulted in an agglomeration of undecided cases. By way of establishing a precedent we have devoted a considerable time to the decision of

this motion, thus consuming the time that more properly belongs to the consideration of the cases of other litigants.

We do not, however, find that the error is fundamental as the phrase is used. To make the error fundamental in this case it should have plainly appeared from the record that Conde was entitled to less than the court awarded him. By this we do not mean to exclude the idea that there was a possibility or even a probability that he might have obtained less, but to make an error fundamental it is our idea that the record should show that he was in fact not entitled to as much as the court awarded him. There was no evidence tending to show that he derived any profit from his new connection, and there is even a probability from the record that, with the knowledge of Villar & Co., Conde was already devoting some of his time to and perhaps deriving a profit from the new connection. Conde, besides, was no ordinary employee. He sold out his business partly on the strength of a five-years employment by Villar & Co. This five-years employment was part of the consideration for the sale of his agencies. He might possibly have shown that if he had not entered the service of Villar & Co. his earnings during the total time would have been greater, and that by his sale and contract of service he was actually delayed in establishing himself in business. Indeed, in the supplemental brief Villar & Co. also tried to show in general terms that they had benefited Conde by dismissing him and allowing him to obtain other agencies. We lay no great stress on any of these speculative considerations, but we put them forth so as to show that we do not find the error fundamental.

Given these circumstances, we are unable to say that a fundamental error was committed and the motion for reconsideration will be overruled.